889 F.2d 1101
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WASHINGTON INTERNATIONAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1453.
 United States Court of Appeals, Federal Circuit.
 Oct. 24, 1989.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Washington International Insurance Company (Washington) appeals the United States Claims Court's decision dismissing, for lack of subject matter jurisdiction, Washington's Tucker Act claim based on an alleged breach of contract by the Customs Service. See Washington Int'l Insur. Co. v. United States, No. 490-88C, slip. op. (Cl.Ct. Apr. 17, 1989). We affirm.
 
 OPINION
 
 2
 The United States Claims Court has jurisdiction over claims against the government founded "upon any express or implied contract with the United States." 28 U.S.C. Sec. 1491(a)(1) (1982). In the instant case, we conclude, as did the Claims Court, that Washington has no contract with the government on which to base a claim within the Claims Court's jurisdiction.
 
 
 3
 Washington has failed to show any objective manifestations that the government intended to be bound to Washington by approving bonds submitted by an importer for which Washington was a surety. We reject Washington's argument that because the Customs Service drafted the bond language, it intended to enter into a contract with the surety concerning the bond at issue here. All that Customs appears to have sought was to require a standard bond from the importer as a prerequisite for importing goods.
 
 
 4
 Moreover, we are unpersuaded by Washington's attempt to imply some contractual intent on the government's part because of particular Customs regulations that Washington asserts are incorporated into the alleged contract. There is no clear evidence that Customs directly intended to confer any benefit upon Washington in promulgating the regulations or in accepting the bond itself. Although 19 C.F.R. Sec. 172.1 (1988) instructs that sureties be notified when an importer has incurred liquidated damages, this regulation works to the government's benefit in encouraging the surety to pressure the importer to minimize liability by paying the liquidated damages as soon as possible or protesting the assessment. In this way disputes and claims may be more speedily resolved and duties more speedily collected, to the government's benefit.
 
 
 5
 Accordingly, we conclude that Washington failed to prove any intent of the government to enter into a contract with Washington, and because Washington's claim was based on breach of contract, the complaint was properly dismissed for lack of jurisdiction.